IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEMETRIUS RAY MINNIEFIELD,        )
                                  )
         Petitioner,              )
                                  )
vs.                               )    Case No.  2:08-cv-1075-RBP-TMP
                                  )
RICHARD DEVILLE, Warden; and      )
THE ATTORNEY GENERAL              )
OF THE STATE OF ALABAMA,          )
                                  )
         Respondents.             )

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this cause on January 27, 2009, recommending the petition for writ of *habeas corpus* be dismissed as time barred under 28 U.S.C. § 2244(d). Petitioner filed his timely objections to the report and recommendation on February 3, 2009, arguing that he is "actually innocent" of the burglary for which he was convicted, so that the application of the statutory time bar amounts to an unconstitutional suspension of the writ of *habeas corpus*. After careful and *de novo* consideration of everything in the court file, the court finds that petitioner has not shown "actual innocence" sufficient to overcome the time bar.

First, petitioner concedes that he pleaded guilty to the burglary charge, but he contends that he is "actually innocent" of the burglary charge because (1) he was coerced into the plea by his attorney, (2) the evidence was insufficient to support a conviction on the charge, and (3) he was denied his right to be present at sentencing when he was sentenced in *absentia*, with neither he nor

his attorney being present.[1]  The "actual innocence" gateway to consideration of otherwise barred constitutional claims requires a showing of *factual* innocence, not the mere legal insufficiency of the conviction.  See Rich v. Department Of Corrections State Of Florida, 2008 WL 4183930, *1 (11th Cir., Sept. 12, 2008) ("The Supreme Court has held that '"[a]ctual innocence' means factual innocence, not mere legal insufficiency."'  Bousley v. United States, 523 U .S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998).").  The petitioner must come forward with "new evidence" that was not presented at trial.  The court of appeals said recently:

> Before reaching this question [of whether the § 2244(d) time bar is an unconstitutional suspension of the writ when applied to "actually innocent" defendants], the petitioner must first make a sufficient showing of actual innocence. Id.  This requires the petitioner to produce "'new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'" Arthur, 452 F.3d at 1245 (quoting Schlup, 513 U.S. at 324, 115 S. Ct. at 865).  If the petitioner shows "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," then he has made a "gateway" claim of innocence allowing his otherwise barred constitutional claims to be considered on the merits.  Schlup, 513 U.S. at 315, 327, 115 S. Ct. at 861, 867.
>
> In evaluating this new evidence, a habeas court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." House, 547 U.S. at 537, 126 S. Ct. at 2077 (quotation marks and citation omitted).  The court then assesses the likely impact of this new evidence on reasonable jurors.  Id. at 538, 126 S. Ct. at 2077.  The demanding nature of the Schlup standard ensures that only the "extraordinary" case will merit review of the procedurally barred claims.  Id.

---

[1] The court notes that in the brief accompanying the original *habeas* petition, petitioner argues only that *his attorney* was not present for sentencing, implying at least that he was present.

Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008) (quoting Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), and House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

Applying this standard, it is clear to the court that petitioner has not shown his factual innocence of the burglary charge, without which there is no "gateway" through which his other constitutional claims can be tested. He has not come forward with "new reliable evidence" showing his *factual* innocence of the burglary to which he pleaded guilty. While he argues that he was coerced into the plea, the evidence was not sufficient to support the conviction, and he was denied the right to be present at sentencing — all of which may well be arguable constitutional claims — he has not presented the court with any evidence that he did not commit the burglary. Accordingly, he has failed to show his "actual innocence" for purposes of avoiding the § 2244(d) time bar.

For these reasons, the petitioner's objections to the magistrate judge's report and recommendation are OVERRULED, and the report is ADOPTED and its recommendation is ACCEPTED. The court will dismiss the petition as time barred in a separate order.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE this 17th day of February, 2009.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**